IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION



**FILED**
TIME_____

OCT 29 2012

JOHN P. HEHMAN, Clerk
COLUMBUS, OHIO

Selina Miller,                          :

         Plaintiff,           :    Case No.

   v.                                    :    Magistrate Judge Kemp

Ohio Board of Regents, et al., :

        Defendants.          :


Selina Miller,                          :

         Plaintiff,           :    Case No.

   v.                                    :    Magistrate Judge Kemp

Images 2 Portraits, et al.,     :

        Defendants.          :


<u>ORDER</u>

Selina R. Miller is a frequent litigator in this Court. She
has filed many cases here, most, if not all, of which have been
dismissed as frivolous. As a result of her misuse of the court
system, on August 21, 2003, United States District Judge Algenon
L. Marbley issued an order in <u>Selena R. Miller v. Ohio Board of
Regents</u>, Case No. 2:01-cv-550, Doc. #26, that reads in pertinent
part as follows:

> Finding that Selina R. Miller is a vexatious litigant,
> the Court ORDERS that the Clerk of Court not accept for
> filing any future complaint unless it has first been
> presented to a Magistrate Judge to determine whether
> the complaint states a claim for relief. If the
> Magistrate Judge finds that the complaint, on
> preliminary screening, does state a claim for relief,
> the Magistrate Judge should direct the Clerk of Court
> to file the complaint.

<u>Id</u>. at 2-3. Consequently, every new complaint submitted by Ms.
Miller must go through that process before it can be formally
filed.

In September of this year, Ms. Miller submitted to the Clerk's Office two new complaints. This order constitutes the Magistrate Judge's screening of these two complaints to determine whether either states a claim for relief, and whether either of them should be filed.

## I. Selena Miller v. Ohio Board of Regents

The first of the two new complaints is captioned "Selina Miller v. Ohio Board of Regents and Personnel Manager Drew White." Ms. Miller states she has filed the complaint as "a disabled worker injured during work time." Although she claims the case involves a failure to reinstate her to work, the complaint also makes reference to her designation by this Court as a vexatious litigator, calling that action a "libel statement." As relief, she seeks reinstatement to some unspecified position, damages, and removal of her vexatious litigator status.

Ms. Miller has attached a right to sue letter to the complaint. It was issued by the EEOC on June 11, 2012. There is nothing in the right to sue letter which explains the nature of Ms. Miller's claim.

The Court notes that the case in which Ms. Miller was declared to be a frivolous litigator was brought against the Ohio Board of Regents, the named defendant in this complaint. That case was filed in 2001 and dismissed in 2002. It is likely that any claims arising out of her employment with that agency fall outside the statute of limitations. Further, because the Ohio Board of Regents based its motion to have Ms. Miller declared a frivolous litigator on a number of baseless suits she filed against the State of Ohio and its agents between 1997 and 2003, this Court must be cautious in determining if this suit, filed against the same defendants, has any potential merit.

Any claim relating to the order which labeled her a

vexatious litigator - even if that claim could somehow be
asserted against the Ohio Board of Regents, which, of course, did
not issue the order - would fall outside any applicable statute
of limitations, because that order was issued more than nine
years ago.  The Court is not sure what type of claim it might be,
but to the extent that it would involve a claim of
unconstitutional or retaliatory behavior on the part of the Board
of Regents, such claims have a two-year statute of limitations.
See Browning v. Pendleton, 869 F.2d 989 (6th Cir. 1989).

     As far as the other claim in the complaint is concerned,
which appears to be a claim for retaliatory failure to reinstate,
there is no information in the complaint about when this event
allegedly occurred, nor any allegations of facts which would
suggest that any type of discrimination or retaliation occurred.
Applying the now-familiar standard for evaluating whether a
complaint states a claim upon which relief can be granted as
expressed in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569
(2007)(in order to state a claim, the complaint must contain
"enough facts to state a claim to relief that is plausible on its
face"), Ms. Miller's complaint clearly fails to meet that
standard.

     First, the date on which Ms. Miller was allegedly denied
reinstatement is not pleaded.  The Court would be remiss if it
did not insist upon facts from a vexatious litigator indicating
that any claim she attempts to file is based on something which
occurred within the applicable limitations period.  Second, she
pleads no facts which support the bare legal conclusion that the
Board of Regents' failure to reinstate her was influenced by some
discriminatory or retaliatory motive.

     Retaliation can be proved directly or indirectly.  The
direct method of proof requires facts from which retaliation can
be inferred.  The indirect method involves proof that the

retaliatory act followed closely on the heels of the plaintiff's exercise of a right which is protected by a statute or by the Constitution. See, e.g., Mickey v. Zeidler Tool and Die Co., 516 F.3d 516 (6th Cir. 2008). There are no facts in the complaint that support a claim of retaliatory failure to reinstate under either theory. Ms. Miller does not plead any facts which indicate she engaged in any protected conduct, or what type of conduct that was; any facts indicating that the defendants took such conduct into account when deciding not to rehire or reinstate her; or any facts showing how long she waited after she engaged in protected conduct - whatever that conduct might have been - she asked for reinstatement, or how long after that the Board of Regents denied her request. Again, if her claim rests on some type of protected conduct in which she engaged in while employed by the Board, that claim would likely be time-barred because of the passage of time since she has last worked there. For all these reasons, the complaint against the Board of Regents cannot survive an initial screening and should not be filed.

## II.   Selina Miller v. Images 2 Portraits

In her other complaint, Ms. Miller seeks to sue a company named Images 2 Portraits and two individuals, Leroy and Chandra Trout. She alleges in the complaint that she was denied employment by them due to their being "family members in a portrait family scam" and asserts that "unauthorized portraits of her family were used the community for publicity." She also refers to her "employment profile with the Ohio Board of Regents" having been "used without her permission." Finally, she claims that the defendants were "angry because she voiced her opinion about the containment of the filming production did not go with her Walt Disney Outlook as a walking advertisement." She claims to be filing the case as a Black female and Baptist female, and

-4-

she attached a right to sue letter to the complaint.

The deficiencies in this complaint are similar to those which exist with respect to the one against the Ohio Board of Regents. Ms. Miller has not specified any reason for the alleged failure to hire her other than anger on the part of the defendants, which is not a basis for any federally-based cause of action. If she is claiming discrimination based on, for example, her race, gender, or religion, she has pleaded absolutely no facts which would support such a claim. As was the case in Sealey v. Affiliated Computer Services, Inc., 2012 WL 729217, *3 (W.D.N.Y. March 6, 2012), where the court dismissed an employment discrimination case for failure to state a claim, "even under the most liberal construction of her allegations, [plaintiff] provides no facts that could possibly connect any adverse employment action to a protected status." Ms. Miller's complaint simply pleads no facts at all on this issue, and, again, pleads no time frame when any of the allegedly discriminatory conduct occurred.

The Court has considered whether it should afford Ms. Miller an opportunity to amend either or both complaints in an effort to cure the pleading deficiencies which exist. Given that she is a vexatious litigator and that this Court has, time and again, explained to her the pleading requirements for federal court complaints - as have other courts, see, e.g., Miller v. City of Columbus, 52 Fed. Appx. 672 (6th Cir. December 5, 2002); Miller v. Anderson, 2012 WL 1966370 (S.D. Fla. May 31, 2012) - there is no reason to give her multiple chances to file a complaint which has enough factual allegations to make it plausible or likely that she has a potentially meritorious claim. Further, Judge Marbley's order directs the Magistrate Judges to screen Ms. Miller's complaints to determine if they state a claim for relief; only if that is the case should the Magistrate Judge

-5-

"direct the Clerk of Court to file the complaint." Neither of these complaints state a claim for relief. Consequently, the Magistrate Judge will not direct the Clerk to file them, as a result of which the cases will not proceed.

### III. Conclusion

For these reasons, the Clerk is directed not to file the complaints, captioned as above, which were received on or about September 5, 2012 from Selina Miller. The Clerk shall, however, open a miscellaneous case for record-keeping purposes, and shall file all of the documents received from Ms. Miller and this order in that case, as well as mail a copy of this order to Ms. Miller.

_____
United States Magistrate Judge

-6-